UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-23265-CV-WILLIAMS

RAMON J. BROCHE HEREDIA,

     Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

     Respondents.

_____/

## ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Ramon J. Broce Heredia ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention at the Krome Service Processing Center ("***Krome***") in Miami, Florida.[1]  (*Id.* at 1–3.)  As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody.  (*Id.* at 8.)  For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.[2]

---

[1] Although Petitioner was detained at Krome when he filed the Petition on May 4, 2026 (DE 1 at 6–7), Respondents have filed a notice stating that before the Court's May 11, 2026 Order to Show Cause directing Petitioner not be removed from the Southern District of Florida, the Petitioner had been transferred to the Port Isabel Service Processing Center ("***PISPC***") in Los Fresnos, Texas, where he shall remain until this proceeding is concluded.  (DE 12.)

[2] *See* page 5.

## I.  FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who was paroled into the United States on December 14, 1995. (DE 12 at 2 citing (DE 12-1, Ex. A at 1, 20; ).)

Between October 1997 and April 27, 2009, Petitioner was arrested and convicted on multiple occasions for violating Florida law.  (*Id.* at 2 citing (DE 12-2, Ex. B at 2 ¶¶ 7–9; DE 12-3, Ex. C).)

On October 5, 2009, after being encountering by immigration officials, removal proceedings were begun and Petitioner was taken into immigration custody.  (*Id.* at 3 citing (DE 12-5, Ex. E at 1–3; DE 12-4, Ex. D at 1).)

On November 2, 2009, an immigration judge ("*IJ*") entered an Order finding Petitioner removable and ordered him removed to Cuba.  (*Id.* at 2 citing (DE 12-2, Ex. B at 3 ¶ 13).)  The order has become administratively final.  (*Id.* citing (DE 12-2, Ex. B at 3 ¶ 13).)  On January 31, 2010, Immigration and Customs Enforcement ("*ICE*") released Petitioner under an Order of Supervision ("*OSUP*").  (*Id.* at 2 citing (DE 12-7, Ex. D at 1; DE 12-7, Ex. G at 1–2).)

Between October 2014 and May 2015, Petitioner was arrested and subsequently convicted on multiple occasions for violating Florida law.  (*Id.* at 2–5 citing (DE 12-8, Ex. H at 1–6; DE 12-9, Ex. I; DE 12-10, Ex. J; DE 12-11, Ex. K; DE 12-12, Ex. L; DE 12-13, Ex. M); DE 12-14, Ex. N; DE 12-15, Ex. O).)

On April 24, 2017, Petitioner was taken into immigration custody.  (*Id.* citing (DE 12-4, Ex. D).)  On July 26, 2017, he was again released from custody on another OSUP. (*Id.* citing (DE 12-16, Ex. P).)

On April 21, 2026, Petitioner was again taken into immigration custody after violating a condition of his release by failing to report as scheduled.  (*Id.* citing (DE 12-17,

Ex. D at 1–2).) On May 13, 2026, DHS served Petitioner with a notice revoking his release and advising him that ICE was seeking travel documents to effectuate his removal to Cuba. (*Id.* 5–6 citing (DE 12-17, Ex. Q at 1–2).) On that same date, an informal interview was conducted by immigration officials. (*Id.* at 6 citing (DE 12-17, Ex. Q at 2).)

Petitioner has remained in immigration custody since April 21, 2026. (DE 1; DE 12 at 6.) Less than a month later, on May 4, 2026, Petitioner filed the Petition presently before the Court, arguing that his continued prolonged detention is unlawful. (DE 1 at 7).

## II.     LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (*Id.*) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when

the removal order becomes administratively final.  *Id.*  Further, detention during the removal period is mandatory.  8 U.S.C. § 1231(a)(2)(A).

Under In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns.  *Zadvydas*, 533 U.S. at 590–99.  Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  *Zadvydas*, 533 U.S. at 700-01.  The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal."  *Id.* at 698.  The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future."  *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701).  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter."  *Akinwale*, 287 F.3d at 1052.  "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*"  *Akinwale*, 287 F.3d at 1052.  Once this showing is made, the Government must respond with evidence sufficient to rebut that showing.  *Zadvydas*, 533 U.S. at 701.  *Zadvydas*

claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice.  *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in **November 2009**.  *See* 8 U.S.C. § 1231(a).  Petitioner has remained in immigration custody since he was taken into custody on **April 21, 2026**.  On **May 4, 2026**, the Petition was filed.  Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable.  Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.*  The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court.  *See Akinwale*, 287 F.3d at 1051.  Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **October 22, 2026** (six months following his April 21, 2026 detention) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Akinwale*, 287 F.3d at 1050.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature.  If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

---

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

2.     The Court's Order (DE 4) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.

3.     All pending motions not otherwise ruled upon are **DENIED as moot.**

4.     The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Ramon J. Broche Heredia,** *Pro Se*
Alien #074131588
Krome Service Processing Center
Inmate Mail/Parcels
18201 S.W. 12th Street
Miami, FL  33194
(Current Address Per On-Line ICE Detainee Locator,
*see https://locator.ice.gov/odls/#/results)*

**Ramon J. Broche Heredia,** *Pro Se*
33216 Santa Barbara Blvd.
Cape Coral, FL  33914
Email:  Brocheramon819@gmail.com
(Address per DE 11)

**Ramon J. Broche Heredia,** *Pro Se*
Alien #074131588
Port Isabel Service Processing Center
Inmate Mail/Parcels
27991 Buena Vista Blvd.
Los Fresnos, TX 78566
(Address per Respondent *See* DE 12)

**Payton H. Poliakoff, AUSA**
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Email:  Payton.Poliakoff@usdoj.gov